BLANK ROME LLP
Attorneys for Plaintiff
FRISOL BUNKERING (H.K.) LTD
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
Tel: (212) 885-5000
Fax: (212) 885-5001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRISOL BUNKERING (H.K.) LTD.,

    Plaintiff,

-against-

CENTRAL OIL CO, LTD.,

    Defendant.

08 CIV 4994

**VERIFIED COMPLAINT**

Plaintiff, FRISOL BUNKERING (H.K.) LTD. ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant CENTRAL OIL CO, LTD ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Fed.R.Civ.P. 9(h). The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a corporation organized under the laws of Hong Kong with an office in Hong Kong.

6642532v.1

3. At all material times, Defendant was and now is corporation or other legal entity organized and existing under the laws of Korea or another jurisdiction with an office and place of business in Seoul, Korea, and with no office or place of business in this judicial district.

4. In April 2008, Defendant requested that Plaintiff supply marine fuel ("bunkers") to the oceangoing vessels TY PLUM and HOHEWEG, and Plaintiff agreed to do so, and did so, on Plaintiff's Standard Terms and Conditions ("STC") ("the Contracts").

5. In accordance with the Contracts, Plaintiff furnished the above vessels with bunkers on the dates and with the values shown below.

| Date | Vessel | Amount | Value |
|---|---|---|---|
| a. 9 April 2008 | TY PLUM | 120 metric tons | $60,360.00 |
| b. 21 April 2008 | HOHEWEG | 400.1 metric tons | $213,853.45 |
| Total | | | $274,213.45 |

6. Defendant has failed to pay any of the above amounts within the 30 days allowed, despite due demand, in breach of the Contracts.

7. As a result of Defendant's breach of the Contracts, Plaintiff sustained damages in the principal amount of $274,213.45.

8. Plaintiff's STC provides for resolution of disputes arising out of the Contracts before the High Court of Hong Kong, at the option of Plaintiff, in accordance with Hong Kong law. Plaintiff reserves its right to resolve the merits of this dispute in Hong Kong.

9. Plaintiff's STC and the relevant invoices also provide that Defendant shall pay interest at 1.5% per month (18% per annum) with respect to late payment and further: "All costs borne by [Plaintiff] in connection to the collection of overdue payments, whether made in or out

6642532v.1

2

of Court, and in general all costs in connection to any breach of this agreement by [Defendant], shall be for the [Defendant's] account."

10. Hong Kong law provides for the recovery of interest, legal fees and litigation costs by a successful party.

11. Plaintiff estimates that its recoverable costs, including attorney's fees, in this New York action to obtain security as well as in a Hong Kong litigation which proceeds to judgment on the merits, other appeals, if any, will be $150,000.

12. Based on 18 percent interest per annum on the amounts due calculated from April 21, 2008, and assuming one year to resolution of the dispute, Plaintiff calculates interest in the total amount of $49,358.42.

13. The total amount claimed by Plaintiff against Defendant is $463,671.87.

14. Defendant cannot be found within this district within the meaning of Supplemental Rule B for Certain Admiralty and Maritime Claims for the Federal Rules of Civil Procedure ("Rule B"), but is believed to have or will have during the pendency of this action assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this district, including but not limited to, electronic fund transfers, because Defendant conducts business internationally in U.S. Dollars, and all electronic fund transfers are processed by intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within this district pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment

and Garnishment pursuant to Rule B, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in this district which are due and owing or are otherwise the property of the Defendant up to the amount of $4,63,671.87, to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of a judgment on the merits of the dispute in London and its enforcement in this action against any assets attached in this District.

D.  That Plaintiff may have such other, further and different relief as may be just, proper, and equitable.

Dated: New York, NY
       May 30, 2008

                    Respectfully submitted,
                    BLANK ROME LLP
                    Attorneys for Plaintiff

                    By _____
                    LeRoy Lambert (LL 3519)
                    The Chrysler Building
                    405 Lexington Avenue
                    New York, NY 10174-0208
                    Tel: (212) 885-5000
                    Fax: (212) 885-5001

## VERIFICATION

STATE OF NEW YORK       )
                      : ss.:
COUNTY OF NEW YORK      )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

                                                                               _____
                                                                                  LeRoy Lambert

Sworn to before me this
30th day of May 2008
_____
Notary Public

                              NEAL MITCHELL
                       Notary Public, State of New York
                           No. 01MI6114408
                      Qualified in New York County
                   Commission Expires Aug. 16, 20__

BLANK ROME LLP
Attorneys for Plaintiff,
FRISOL BUNKERING (H.K.) LTD.
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRISOL BUNKERING (H.K.) LTD.,

   Plaintiff,

-against-

CENTRAL OIL CO, LTD.,

   Defendant.

08 Civ.

**AFFIDAVIT PURSUANT TO**
**SUPPLEMENTAL RULE B**

---

STATE OF NEW YORK )
         ) ss:
COUNTY OF NEW YORK )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of Defendant, CENTRAL OIL CO, LTD. ("Defendant"), a foreign corporation, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of the Federal Rules of Civil Procedure.

2. Defendant is a party to the maritime contract of charter party on which this claim is based, and is a foreign corporation or other business entity organized and existing under the laws of Korea or another foreign jurisdiction.

900200.00001/6642573v.1

3. Under my supervision, my office conducted a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
LeRoy Lambert

Sworn to before me this
30th day of May, 2008

_____
Notary Public

NEAL MITCHELL
Notary Public, State of New York
No. 01MI6134408
Qualified in New York County
Commission Expires Aug. 16, 20__

2

900200.00001/6642573v.1